GRIFFIS, P.J.,
dissenting:
¶ 9. The majority reverses the circuit court’s judgment and remands this case for further proceedings on Montgomery’s motion for reconsideration. I find that Montgomery waived this issue by his failure to raise this issue on appeal. Therefore, I respectfully dissent.
*909 ¶ 10. The circuit court dismissed this case by order dated July 19, 2012; the order was filed on August 8, 2012. On August 10, 2012, Montgomery filed a motion to reconsider or, in the alternative, reinstate the case. On September 7, 2012, Montgomery filed a notice of appeal. On November 30, 2012, the circuit judge entered an order that found Montgomery’s motion to reconsider moot and denied the motion. In the order, the circuit judge added that “if jurisdiction remained in this court, out of an abundance of caution, the court would reinstate this matter and allow it to proceed to trial.”
¶ 11. The majority acknowledges that its decision is based on an issue “not raised by either party on appeal.” Mississippi Rule of Appellate Procedure 28(a)(3) requires the appellant to “identify the issues presented for review.” The Rule also provides that “[n]o issue not distinctly identified shall be argued by counsel, except upon request of the court, but the court may, at its option, notice a plain error not identified or distinctly specified.” The majority apparently determines that this was plain error.
¶ 12. I am not willing to do so for two reasons that we often use to decide that a party has waived an issue on appeal. First, Montgomery chose not to raise the issue in this appeal. Second, Montgomery failed to cite any authority for this proposition.
¶ 13. The judgment before this Court is the November 30, 2012 order. In this order, the circuit court denied the motion to reconsider, finding the court did not have jurisdiction. In the appellant’s brief, Montgomery argues the issue as follows:
3. The Trial Court Has Indicated That Had it Retained Jurisdiction, it Would Reinstate the Case and Allow the Case to Proceed to Trial.
In its order denying Mr. Townsend’s motion to reconsider the court noted that Mr. Townsend’s counsel “contends he did not have notice of the docket call.... He states that he would have been at the docket call if he had received the notice.... [Ojut of an abundance of caution, the Court would reinstate this matter and allow it to proceed to trial.” (Clerk’s Paper’s pgs. 113-114). It is apparent that the trial court, knowing the reason counsel for Mr. Townsend did not appear at the docket call (counsel having not received notice of the docket call), desires that the case be reinstated and allowed to proceed to trial.
Montgomery did not file a reply brief.
¶ 14. This Court often holds that “[tissues raised for the first time on appeal are procedurally barred.” McNeese v. McNeese, 119 So.3d 264, 267 (¶ 34) (Miss.2013). Here, the issue was not even raised on appeal. Montgomery could have raised this issue, but did not. I find it inappropriate for this Court to reverse the circuit court on an issue not even raised by the appellant.
¶ 15. Next, this Court also often holds that the “[f]ailure to cite to relevant authority results in a waiver of the issue on appeal.” Bennett v. State, 933 So.2d 930, 953 (¶ 86) (Miss.2006). In his brief, Montgomery offers no legal authority to support the proposition that is cited. I am of the opinion that it sets dangerous precedent for this Court to reverse a circuit court on a matter that is not raised before this Court and where no legal authority is offered.
¶ 16. I find that Montgomery waived this issue by not raising it as an issue on appeal. I would consider the merits of the *910 issues raised by Montgomery. For these reasons, I respectfully dissent..